PALMER *v.* MARSTON.

The principle of the preceding case affirmed in the same sort of example.

MOTION by *Mr. W. S. Holman* (*Mr. E. T. Merrick opposing*) to dismiss a writ of error to the Supreme Court of the State of Louisiana, taken on the assumption that the case fell within the 25th section of the Judiciary Act, quoted *supra*, pp. 5, 6.

Mr. Justice SWAYNE stated the case, and delivered the opinion of the court.

Palmer sued Marston in the District Court of the parish

---

of East Feliciana, upon a promissory note made by Marston to J. O. Fuqua, and by him indorsed to Palmer, dated October 1st, 1863, for $1687, and payable one day after date, with interest at the rate of eight per cent. per annum from date until paid. The defendant answered that $1000 of the note had been paid, and that $949 of it was a part of the purchase price of an African negro claimed to be a slave, and that the slave had been freed by sovereign authority, and that hence the note, to the extent of the amount last named, was null and void.

The court held that, "whilst the law remains as pronounced by the late Supreme Court in the case of *Wainwright* v. *Bridges*,* and other cases, Fuqua, were he suing to recover the amount of the note, which is the subject of this controversy, would be defeated by this plea of failure of consideration. Therefore, the plaintiff must fail also." Judgment was given for the defendant. The case was appealed to the Supreme Court of the State, and that court affirmed the judgment.

In the opinion of the court, as drawn up by one of the judges, it is said:

"The balance of the note in suit in this action was clearly given in renewal of obligations arising from the sale of a slave, and is vitiated by this fact. It cannot be recovered under our jurisprudence, as settled in *Wainwright* v. *Bridges*, and the numerous cases which have followed that decision. Under the rule established in the case of *Groves* v. *Clark*,† it is immaterial whether the plaintiff became a holder before or after maturity. We have been asked by counsel to pass, in this case, upon the validity under the Constitution of the United States of the article 128 of the Louisiana constitution of 1868, which declares that contracts for the sale of persons are null and void, and shall not be enforced by the courts of this State. We do not feel it necessary to do this. The rule, that such contracts will not be enforced by the courts of this State, was established in our jurisprudence in the year 1867. It was firmly settled and repeat-

---

* 19 Annual, 234.　　　　　　　　　　† 21 Id. 567.

edly acted upon before the adoption of the constitution of 1868, and has been invariably adhered to ever since. The question whether this article 128 be valid or invalid as an act of legislation, and in relation to article 10 of the Constitution of the United States, may possess considerable speculative interest, but we do not perceive that it can, in this case, have a practical influence upon the result. For the reasons given it is ordered and adjudged that the judgment appealed from be affirmed with costs."

It thus appears that the provision of the State constitution upon the subject of slave contracts was in no wise drawn in question. The decision was governed by the settled principles of the jurisprudence of the State. In such cases this court has no power of review. No right was claimed by either party under any State law or the constitution of the State which was resisted upon the ground of repugnancy to the Constitution, or a treaty or law of the United States, the decision having been in favor of the validity of the right so asserted. There is certainly no foundation for such a complaint on the part of the plaintiff in error. In the absence of such a claim and decision we cannot take cognizance of the case. This element, which is indispensable to our jurisdiction, is wanting. Substantially the same question arose in *The Bank of West Tennessee* v. *The Citizens' Bank of Louisiana,* heretofore decided.\* The writ of error was dismissed for want of jurisdiction. The same disposition must be made of this case.

WRIT DISMISSED.

----

\* *Supra,* p. 9, the preceding case.